**GEORGE I. SAROLAS**
*Attorney at Law*
*7234 W. North Ave., Suite 210, Elmwood Park, IL 60707*
*(708) 456-5700*

## RETAINER AGREEMENT

In order to assure that debtors and their attorneys understand their rights and responsibilities in the bankruptcy process, the judges of the Bankruptcy Court for the Northern District of Illinois have approved the following agreement, setting out the rights and responsibilities of both debtors in bankruptcy and their attorneys. By signing this agreement, debtors and their attorneys accept these responsibilities.

**BEFORE THE CASE IS FILED**

THE DEBTOR AGREES TO:

1. Discuss with the attorney the debtor's objectives in filing the case.

2. Provide the attorney with full, accurate and timely information, financial and otherwise, including properly documented proof of income.

THE ATTORNEY AGREES TO:

1. Personally counsel the debtor regarding the advisability of filing either a Chapter 7 or a Chapter 13 case, discuss both procedural (as well as non-bankruptcy options) with the debtor, and answer the debtor's questions.

2. Personally explain to the debtor that the attorney is being engaged to represent the debtor on all matters arising in the case, as required by Local Bankruptcy Rule and explain how and when the attorney's fees and the trustee's fees are determined and paid.

3. Personally review with the debtor and sign the completed petition, plan, statements, and schedules, as well as all amendments thereto, whether filed with the petition or later. (The schedules may be initially prepared with the help of clerical or paralegal staff of the attorney's office, but personal attention of the attorney is required for the review and signing.

4. Timely prepare and file the debtor's petition, plan, statements, and schedules.

5. Explain to the debtor how, when and where to make all necessary payments, including both payments that must be made directly to creditors and payments that must be made to the Chapter 13 trustee, with particular attention to housing and vehicle payments.

6. Advise the debtor of the need to maintain appropriate insurance.

**AFTER THE CASE IS FILED**

THE DEBTOR AGREES TO:

1. Make the required payments to the trustee and to whatever creditors are being paid directly, or, if required payments cannot be made, to notify the attorney immediately. (This applies to Chapter 13 cases).

2. Appear punctually at the meeting of creditors (also called the "341 meeting") with recent proof of income and a picture identification card. (If the identification card does not include the debtor's social security number, the debtor will also bring to the meeting a social security card.) The debtor must be present in time for check-in and when the case is called for the actual examination.

3. Notify the attorney of any change in the debtor's address or telephone number.

4. Inform the attorney of any wage garnishment or liens or levies on assets that occur or continue after the filing of the case.

5. Contact the attorney immediately if the debtor loses employment, has a significant change in income, or experiences any significant change in financial situation (such as serious illness, marriage, divorce or separation, lottery winnings, or an inheritance).

6. Notify the attorney if the debtor is sued or wishes to file a lawsuit (including divorce).

7. Inform the attorney if any tax refunds to which the debtor is entitled are seized or not received when due from the IRS of Illinois Department of Revenue.

8. Contact the attorney before buying, refinancing, or selling real property, and before entering into any loan agreements.

9. Supply the attorney with copies of all tax returns filed while the case is pending.

THE ATTORNEY AGREES TO:

1. Advise the debtor of the requirement to attend the meeting of creditors, and notify the debtor of the date, time, and place of the meeting.

2. Inform the debtor that the debtor must be punctual and, in the case of a joint filing, that both spouses must appear at the same meeting.

3. Provide knowledgeable legal representation for the debtor at the meeting of creditors (in time for check-in and the actual examination) and, unless excused by the trustee, for the confirmation hearing.

4. If the attorney will be employing another attorney to attend the 341 meeting or any court hearing, personally explain to the debtor in advance, the role and identity of the other attorney and provide the other attorney with the file in sufficient time to review it and properly represent the debtor.

5. Timely submit to the Chapter 13 trustee properly documented proof of income for the debtor, including business reports for self-employed debtors.

6. Timely respond to objections to plan confirmation and, where necessary, prepare, file, and serve an amended plan.

7. Timely prepare, file, and serve any necessary statements, amended statements and schedules and any change of address, in accordance with information provided by the debtor.

8. Monitor all income case information (including, but not limited to, Order Confirming Plan, Notice of Intent To Pay Claims, and 6-month status reports) for accuracy and completeness. Contact the trustee promptly regarding any discrepancies.

9. Be available to respond to the debtor's questions throughout the term of the plan.

10. Prepare, file, and serve timely modifications to the plan after confirmation, when necessary, including modifications to suspend, lower, or increase plan payments.

11. Prepare, file, and serve necessary motions to buy or sell property and to incur debt.

12. Object to improper or invalid claims.

13. Timely respond to the Chapter 13 trustee's motion to dismiss the case, such as for payment default, or unfeasibility, and to motion to increase the percentage payments to unsecured creditors.
14. Timely respond to motions for relief from stay.

15. Prepare, file, and serve all appropriate motions to avoid liens.

16. Provide any other legal services necessary for the administration of the case.

**ALLOWANCE AND PAYMENT OF ATTORNEY'S FEES**

1. Any attorney retained to represent a debtor in a Chapter 7 or Chapter 13 case is responsible for representing the debtor on all matters arising in the case unless otherwise ordered by the court. For all of the services outlined above, the attorney will be paid a fee of $ _1,800.00_ . Prior to signing this agreement the attorney has received $ _850.00_ . In Chapter 7 cases, the balance due shall be $ _850.00_ plus court costs of $306.00. In extraordinary circumstances, such as extended evidentiary hearings or appeals, the attorney may apply to the court for additional compensation for these services. Any such application must be accompanies by an itemization of the services rendered, showing the date, the time expended, and the identity of the attorney performing the services. The debtor must be serviced with a copy of the application and notified of the right to appear in court to object.

2. *Early termination of the case.* Fees payable under the provisions set out above are not refundable in the event that the case is dismissed, unless the dismissal is due to a failure by the attorney to comply with the duties set out in this agreement. If a dismissal is due to such a failure by the attorney, the court may order a refund of fees on motion by the debtor.

3. *Retainers.* The attorney may receive a retainer or other payment before filing the case, but may not receive fees directly from the debtor after the filing of the case. Unless the following provision is checked and completed, any retainer received by the attorney will be treated as a security retainer, to be placed in the attorney's client trust account until approval of a fee application by the court.

|_X_| Any retainer received by the attorney will be treated as an advance payment, allowing the attorney to take the retainer into income immediately. The reason for this treatment is the following: The debtor will benefit by having the attorney place the retainer received directly into the attorney's personal bank account, because doing so will not allow the debtor's creditors to attach the money of the debtor.

In any application for fees, whether or not requiring an itemization, the attorney shall disclose to the court any fees paid by the debtor prior to the case filing.

4. *Improper conduct by the attorney.* If the debtor disputes the sufficiency or quality of the legal services provided or the amount of the fees charged by the attorney, the debtor may file an objection with the court and request a hearing.

5. *Improper conduct by the debtor.* If the attorney believes that the debtor is not complying with the debtor's responsibilities under this agreement or is otherwise not engaged in proper conduct, the attorney may apply for a court order allowing the attorney to withdraw from the case.

6. *Discharge of the attorney.* The debtor may discharge the attorney at any time.

7. If the case is a Chapter 7, debtor understands that the following are debts that are not dischargeable: (1) debts for most taxes; (2) debts that are in the nature of alimony, maintenance, or support; (3) debts for most student loans; (4) debts for most fines, penalties, forfeitures, or criminal restitution obligations; (5) debts that were not properly listed by debtor; (6) debts the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged; and (7) debts for which debtor has given up the discharge protection by signing a reaffirmation agreement. Debtor agrees to disclose all assets, debts, and financial information on the bankruptcy petition and debtor has been explained by the attorney that it is a Federal crime to omit information

from your bankruptcy petition for both Chapter 7 and Chapter 13 cases.

Date: _APRIL 25_, 20_12_

Signed:

X _[signature]_ 
Debtor

_[signature]_
Attorney for Debtor(s)

X _____
Debtor

Do not sign if the fee amounts at the top of this page are blank.

IMPORTANT INFORMATION ABOUT BANKRUPTCY ASSISTANCE SERVICES FROM AN ATTORNEY OR BANKRUPTCY PETITION PREPARER.

If you decide to seek bankruptcy relief, you can represent yourself, you can hire an attorney to represent you, or you can get help in some localities from a bankruptcy petition preparer who is not an attorney. THE LAW REQUIRES AN ATTORNEY OR BANKRUPTCY PETITION PREPARER TO GIVE YOU A WRITTEN CONTRACT SPECIFYING WHAT THE ATTORNEY OR BANKRUPTCY PETITION PREPARER WILL DO FOR YOU AND HOW MUCH IT WILL COST. Ask to see the contract before you hire anyone.

The following information helps you understand what must be done in a routine bankruptcy case to help you evaluate how much service you need. Although bankruptcy can be complex, many cases are routine.

Before filing a bankruptcy case, either you or you attorney should analyze you eligibility for different form of debt relief available under the Bankruptcy Code and which form of relief is most likely to be beneficial for you. Be sure you understand the relief you can obtain and its limitations. To file a bankruptcy case, documents called a Petition, Schedules and Statement of Financial Affairs, as well as in some cases a Statement of Intention need to be prepared correctly and filed with the bankruptcy court. You will have to pay a filing fee to the bankruptcy court. Once you case starts, you will have to attend the required first meeting of creditors where you may be questioned by a court official called a "trustee" and by creditors.

If you choose to file a chapter 7 case, you may be asked by a creditor to reaffirm a debt. You may want help deciding whether to do so. A creditor is not permitted to coerce you into reaffirming your debts.

If you choose to file a chapter 13 case in which you repay your creditors what you can afford over 3 to 5 years, you may also want help preparing your chapter 13 plan and with the confirmation hearing on your plan which will be before a bankruptcy judge.

If you select another type of relief under the Bankruptcy Code other than chapter 7 or chapter 13, you will want to find out what should be done from someone familiar with that type of relief.

Your bankruptcy case may also involve litigation. You are generally permitted to represent yourself in litigation in bankruptcy court, but only attorneys, not bankruptcy petition preparers, can give you legal advice.

**THIS NOTICE IS REQUIRED BY SECTION 527(b).**

_____
Client

## IMPORTANT EXPLANATION

Bankruptcy law does provide debtors an opportunity under certain circumstances to eliminate part or all of their debts. However, in order to receive these benefits, debtors are required to reveal many aspects of their financial situation and to provide extensive documentation. This information and documentation gives the court, the trustee (the general creditors' representative) and creditors sufficient information to determine whether the debtors are eligible for the relief provided. Disclosure of this information and documentation is not optional. It is mandatory. Only the debtors can provide this information. The debtor's attorney has certain duties under the bankruptcy law. He must have the debtors' full cooperation to do his job and properly represent them.

Debtors should also know that there are significant criminal and civil penalties for misrepresentation and fraud if they are not honest in the information they provide. In fact, when signing the bankruptcy papers, debtors are signing under penalty of perjury, a felony punishable by a prison term of up to 10 years and a fine of up to $250,000.00.

**All information that you are required to provide with a petition and thereafter during a case under this title is required to be complete, accurate, and truthful.**

**All assets and all liabilities are required to be completely and accurately disclosed in the documentation filed to commence the case, and the replacement value of each asset as defined in section 506 must be stated in those documents where requested after reasonable inquiry to establish such value.**

**Current monthly income, the amounts specified in section 707(b)(2), and, in a case under chapter 13 of this title, disposable income (determined in accordance with 707(b)(2), are required to be stated after reasonable inquiry.**

**Information that you provide during your case may be audited pursuant to this title. Failure to provide such information may result in dismissal of the case under this title or other sanctions, including criminal sanction.**

Lastly, debtors' attorneys are required by the bankruptcy law to inform their clients that they are debt relief agencies. There are other disclosures that must be made. I am giving them to you at this time also.

**Language in bold is required by section 527(a)(2)(A-D)**

X _[signature]_
Client